# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN ADE,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC LOPEZ et al.,<br><br>    Defendants. | 3:16-cv-00267-RCJ-WGC<br><br>**ORDER** |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On December 28, 2016, this Court issued an order directing Plaintiff to file an updated address with the Court and to file a non-prisoner application to proceed *in forma pauperis* within thirty (30) days from the date of that order. (ECF No. 4 at 1-2). The thirty-day period has now expired, and Plaintiff has not filed an updated address, an application to proceed *in forma pauperis* for non-prisoners, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

1  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
2  (dismissal for lack of prosecution and failure to comply with local rules).

3       In determining whether to dismiss an action for lack of prosecution, failure to obey a
4  court order, or failure to comply with local rules, the court must consider several factors: (1)
5  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
7  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d
8  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-
9  61; *Ghazali*, 46 F.3d at 53.

10       In the instant case, the Court finds that the first two factors, the public's interest in
11  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh
12  in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of
13  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
14  filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
15  F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases
16  on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.
17  Finally, a court's warning to a party that his failure to obey the court's order will result in
18  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
19  *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring
20  Plaintiff to file an updated address and an application to proceed *in forma pauperis* for non-
21  prisoners within thirty (30) days expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff
22  fails to timely comply with this order, the Court shall dismiss this case without prejudice." (ECF
23  No. 4 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his
24  noncompliance with the Court's order to file an updated address and an application to proceed
25  *in forma pauperis* for non-prisoners within thirty (30) days.

26       It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's
27  failure to file an updated address and an application to proceed *in forma pauperis* for non-
28  prisoners in compliance with this Court's December 28, 2016, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated: This 16th day of February, 2017.

_____
United States District Judge